**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr><td><b>Chambers of</b><br><b>Douglas R. Miller</b><br><b>United States Magistrate Judge</b></td><td><b>101 West Lombard Street</b><br><b>Baltimore, Maryland 21201</b><br><b>MDD_DRMChambers@mdd.uscourts.gov</b><br><b>(410) 962-7770</b></td></tr>
</table>

March 3, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dianna B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-3778-DRM

Dear Counsel:

On December 31, 2024, Plaintiff Dianna B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 9, 12, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefit benefits on May 21, 2021, alleging a disability onset of October 7, 2020. Tr. 24. Plaintiff's claims were denied initially and on reconsideration. Tr. 92-97. On June 7, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 21-44. Following the hearing, on June 26, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 21-44. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn W. Colvin, the Acting Commissioner of Social Security on December 31, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Dianna B. v. Frank Bisignano*
Civil No. 24-3778-DRM
March 3, 2026
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since October 7, 2020, the alleged onset date." Tr. 27. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine, status-post surgical intervention including L5-S1 microdiscectomy and medial facetectomy; lumbar radiculopathy; degenerative disc disease of the cervical and thoracic spine; iron deficiency anemia; hypothyroidism and obesity." Tr. 27. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 29. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), except the claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant requires an assistive device (a cane) to assist with walking and balancing and would require the option to change positions every 45 minutes to one hour, as needed.

Tr. 30.

The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy such as phone quotation clerk, call-out operator, parimutuel ticket checker, and film touch-up inspector. Tr. 34-35. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 36.

## III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

*Dianna B. v. Frank Bisignano*
Civil No. 24-3778-DRM
March 3, 2026
Page 3

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the RFC assessment violates Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). ECF No. 12 at 7. Specifically, Plaintiff contends that the ALJ expressed the RFC in terms of "sedentary work" without first conducting the required function-by-function analysis of exertional abilities, such as sitting, standing, walking, lifting, carrying, pushing and pulling, or non-exertional abilities, such as reaching, handling, fingering, and feeling. ECF No. 12 at 12. Plaintiff argues that this error is significant because the ALJ acknowledged limitations inconsistent with the full range of sedentary work, including the need to change positions every 45 to 60 minutes. *Id.* Plaintiff cites *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) to argue that the ALJ is required to evaluate each relevant function explicitly. *Id.* Plaintiff argues that, as in *Dowling*, the ALJ here acknowledged evidence of sitting limitations, such as the need to change positions every 45 to 60 minutes but never performed a function-specific analysis or explained how the evidence factored into the RFC. *Id.*

In response, the Commissioner contends that substantial evidence supports the ALJ's conclusion of non-disability and that the ALJ properly evaluated the record. ECF No. 14 at 6. According to the Commissioner, the RFC is supported by the ALJ's discussion of Plaintiff's treatment history, clinical findings, subjective reports, and the prior administrative medical opinions, and Plaintiff failed to present evidence showing greater sitting limitations. ECF No 14 at 7. The Commissioner further contends that *Dowling* does not require remand here because the ALJ's decision, read as a whole, provides sufficient reasoning under SSR 96-8p. ECF No. 14 at 10. The ALJ found Plaintiff capable of sedentary work with a cane and a sit/stand option, and nothing in the record supports additional restrictions. ECF No. 14 at 12.

As this Court explained in *Elizabeth T. v. Kijakazi*, No. 21-1046-BAH, 2022 WL 2649055 (D. Md. July 8, 2022):

> The RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis...." [SSR] 96-8p, 1996 WL 374184, at *1. "Only after that may [the RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.* "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and

*Dianna B. v. Frank Bisignano*
Civil No. 24-3778-DRM
March 3, 2026
Page 4

> nonmedical evidence (e.g., daily activities, observations).'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports [their] conclusion and 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" *Id.* (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

2022 WL 2649055, at *2.

Here, the ALJ concluded that Plaintiff could perform sedentary work without narratively discussing the extent to which Plaintiff can sit. Tr. 30-34. *See Nicole C. v. Kijakazi*, No. JMC-22-02123, 2023 WL 4027481, at *5 (D. Md. June 15, 2023) (remanding where ALJ "prematurely concluded that Plaintiff could perform sedentary work without narratively discussing the extent that Plaintiff can sit" and thereby "failed to perform a proper function-by-function analysis regarding Plaintiff's ability to perform the work functions relevant to sedentary work.")

The regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves *sitting*, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis added).

Although the medical record consistently reflects that Plaintiff has a sitting limitation, *see* Tr. 96, 101, 318, 438, and the ALJ included such a limitation in his conclusion, Tr. 30, the ALJ never conducted a discrete, function-specific assessment of the Plaintiff's sitting capacity. In *Dowling*, the Fourth Circuit held that an ALJ errs when they fail to separately evaluate how a claimant's sitting limitations impact their ability to perform sedentary work, and when the decision contains no narrative discussion supporting the absence of such a limitation. Specifically, the court found that "[t]he ALJ never explicitly discussed the extent of the claimant's sitting limitation and only mentioned it 'when rattling off a laundry list of her many impairments and functional restrictions.'" *Jeffrey B. v. Saul*, No. GLS-20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) (quoting *Dowling*, 986 F.3d at 388). Therefore, *Dowling*, and the subsequent line of cases, "stands for the proposition that where an ALJ finds multiple RFC limitations, each one must be accompanied by a narrative discussion with a separate analysis citing specific evidence that explains how it supports each of the ALJ's conclusions." *Id. See also Emily W. v. Kijakazi*, No. AAQ-21-01194, 2022 WL 2681158, at *4 (D. Md. July 12, 2022); *Stephanie S. v. Kijakazi*, No. CDA-23-0292, 2023 WL 8358926, at *4 (D. Md. Dec. 1, 2023).

*Dianna B. v. Frank Bisignano*
Civil No. 24-3778-DRM
March 3, 2026
Page 5

Similarly, the courts in both *Nicole C.*, 2023 WL 4027481, at *4, and *Henderson v. Kijakazi,* No. AAQ-20-3346, 2022 WL 1555408, at *2-*3 (D. Md. May 17, 2022), concluded that the ALJs in those cases failed to conduct the proper function-by-function assessment because their decisions, like the ALJ decision in the instant case, contained language clearly indicating the use of a symptom-based analysis.

Indeed, the relevant language in the instant case:

> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities[,]

and

> [T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record,

Tr. 30, 32, is remarkably similar to that used in *Nicole C*[3] and *Henderson*[4], and appears to be derived in part from SSR 16-3p, *Titles II and XVI: Evaluation of Symptoms in Disability Claims*, 2017 WL 5180304, at *3 (republished Oct. 25, 2017). The Court similarly concludes that the ALJ here conducted a purely symptom-based assessment, as opposed to the requisite function-by-function assessment.

The ALJ here referenced Plaintiff's sitting difficulties only in passing while summarizing her impairments, without analyzing how those problems impact her ability to perform sedentary

---

[3] "'Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities,' [and] 'the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.'" *Nicole C.,* 2023 WL 4027481, at *4.

[4] "'[O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities,' [and] 'the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.'" *Henderson,* 2022 WL 1555408, at *3.

*Dianna B. v. Frank Bisignano*
Civil No. 24-3778-DRM
March 3, 2026
Page 6

work or providing the narrative explanation required by SSR 96-8p and *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). Tr. 30-31. As in *Dowling*, this "grouping" of sitting complaints with other impairments falls short of the mandated function-by-function analysis and leaves the Court without a basis to review whether the ALJ properly determined Plaintiff's capacity to sit on a regular and continuing basis. Tr. 30-34. Without a function-specific assessment, the Court cannot meaningfully review the RFC finding, and remand is therefore appropriate.

## V.      **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge